IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS R.[1],<br><br>                          Plaintiff,<br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                          Defendant. | Case No. 4:20-CV-00003-TMB |

## ORDER

On September 30, 2014, Thomas R. ("Claimant") protectively filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"),[2] alleging disability beginning January 1, 2008.[3] The claim was denied initially on January 22, 2015.[4] Claimant attended hearings held on November 16, 2015, and March 28, 2016,

---

[1] Claimant's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Title II of the Social Security Act provides benefits to disabled individuals who are insured by virtue of working and paying Federal Insurance Contributions Act (FICA) taxes for a certain amount of time. Title XVI of the Social Security Act is a needs-based program funded by general tax revenues designed to help disabled individuals who have low or no income. Claimant brought claims under Title II and Title XVI. Although each program is governed by a separate set of regulations, the regulations governing disability determinations are substantially the same for both programs. *Compare* 20 C.F.R. §§ 404.1501–1599 (governing disability determinations under Title II) *with* 20 C.F.R. §§ 416.901–999d (governing disability determinations under Title XVI). For convenience, the Court cites the regulations governing disability determinations under both titles.

[3] Administrative Record ("A.R.") 227.

[4] A.R. 95.

before Administrative Law Judge ("ALJ") LaCara.[5] The ALJ issued an unfavorable ruling on May 4, 2016.[6] The Appeals Council denied Claimant's request for review on August 14, 2017.[7] Claimant appealed to this Court and we reversed and remanded the case to the SSA for further administrative proceedings on November 8, 2018.[8]

In its remand order of February 1, 2019, the Appeals Council specifically noted that "[t]he electronic record has two audio recordings for the November 16, 2015, hearing but both of them are incomplete. One of the recordings has no audio at all and the second one only has two minutes of audio, but the hearing notes indicate the hearing lasted for about 10 minutes." The Appeals Council then ordered that "an attempt should be made to locate and upload the complete hearing recording for the November 16, 2015 hearing." The Appeals Council also ordered the ALJ to bring evidence related to Claimant's prior 2012 claim into the record and consider it in the decision.[9]

Claimant appeared and testified at a hearing after remand on October 10, 2019.[10] The ALJ issued another unfavorable decision on November 15, 2019.[11] In her decision, ALJ LaCara noted that the November 2015 "audio recording was unable to be located."[12]

---

[5] A.R. 27, 48–82.

[6] A.R. 27–40.

[7] A.R. 1–5.

[8] A.R. 685–711.

[9] A.R. 555, 714–15.

[10] A.R. 618–28.

[11] A.R. 555–70.

[12] A.R. 555.

Claimant filed a Complaint seeking relief from this Court on January 17, 2020.[13] In his Motion to Vacate and Remand for Failure to Comply with Prior Court Remand, Claimant requests that the Court "vacate the final agency decision and remand the claim again as in 2018 with instructions to the agency to comply with the 2018 court Order to produce the documents from the earlier claim and to have transcribed the two hearing recordings that the Appeals Council described in its remand Order post-litigation that was sent to the Hearing Office."[14] Claimant argues that the ALJ's statement that the November 2015 audio recording was unable to be located is false. Claimant notes that the Appeals Council described the two recordings of the November 2015 hearing in its remand order. He suggests that a professional Court Reporter could be used to obtain a proper transcript of the incomplete audio recordings.[15] The Commissioner asserts that "remanding this case to make another effort at obtaining a full recording would be futile given past unsuccessful efforts" and argues that the additional hearing by the ALJ on October 10, 2019 was the remedy for the lost audio recording. The Commissioner asserts that Claimant "has failed to show harmful error in the agency's inability to produce the audio recording, and he has failed to articulate any further relief to which he is entitled."[16]

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."[17] Ambiguous

---

[13] Docket 2.

[14] Docket 12 at 5.

[15] Docket 12 at 2–5.

[16] Docket 13 at 4.

[17] *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983) (per curiam).

evidence, or when the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry.[18] Additionally, the "ALJ must be especially diligent when the claimant is unrepresented or has only a lay representative."[19] And, although the "SSA is a massive enterprise [ ] and mistakes will occur," this does not mean that a claimant is left "without recourse to the courts when such a mistake does occur — least of all when the claimant may have already expended a significant amount of likely limited resources in a lengthy proceeding."[20]

In this case, the hearing on November 2015 was continued by ALJ LaCara to March 28, 2016, to ensure "that all relevant medical evidence had been received."[21] Additionally, the ALJ provided Claimant with a hearing after remand on October 10, 2019.[22] The ALJ stated in her decision that the agency could not locate the recording of the November 2015 hearing.[23] Therefore, remanding again on the issue of the recording after Claimant has already waited years for the administrative process is not in the best interest of any of the parties. However, Claimant should not be left without recourse. The

---

[18] *McLeod*, 640 F.3d at 885.

[19] *Id.*

[20] *Smith v. Berryhill,* 139 S. Ct. 1765, 1776 (2019) (the court was concerned about failing to provide a party with recourse to the courts when a mistake by the Appeals Council does happen).

[21] A.R. 27.

[22] A.R. 618–28. *See* HALLEX I-2-6-46 ("If the entire hearing recording is missing or is completely inaudible . . . the ALJ must conduct a supplemental hearing to comply with 20 CFR 404.951 and 416.1451."); 20 C.F.R. § 404.951, 416.1451 ("The official record of your claim will contain all of the marked exhibits and a verbatim recording of all testimony offered at the hearing. It also will include any prior initial determinations or decisions on your claim.").

[23] A.R. 555.

Court will allow Claimant to brief on the merits and the Commissioner to respond based on the schedule in this Order.[24]

**IT IS HEREBY ORDERED:**

1. Within 30 days after this Order, Claimant shall file a brief on the merits based on the administrative record at Docket 11.

2. Within 30 days after service of Claimant's brief, the Commissioner shall file and serve a response brief. The foregoing briefs may not exceed 25 pages each.

3. Claimant may file and serve a reply brief within 14 days after service of the Commissioner's brief. A reply brief may not exceed 15 pages.

4. One extension of time up to 14 days will be routinely granted for each filing. Any additional extensions of time will require a showing of good cause and will not be routinely granted.

DATED this 20th day of July at Anchorage, Alaska.

/s/ *Timothy M. Burgess*
Timothy M. Burgess
UNITED STATES DISTRICT JUDGE

---

[24] Claimant requested briefing on the merits in the alternative in his Plaintiff's Motion to Vacate and Remand for Failure to Comply with Prior Court Remand at issue here. Docket 12 at 5.